Anna L. Morse, et als.
vs.    P. A. No. 1306.
Albert L. Latham, Adm'r.

Addie L. Barney, et als.
vs.    P. A. No. 1305.
Albert L. Latham, Adm'r.

August 1, 1932.

CHURCHILL, J. Heard without a jury.

The above entitled cases were heard together. Both are appeals from decrees of the Probate Court of the Town of North Smithfield. The appeal of Anna L. Morse, et al., is from the action of the Probate Court denying the petition of Addie L. Barney for her appointment as administratrix of the estate of Wilson D. Mowry, and the appeal of Addie L. Barney is from a decree granting the petition of Albert L. Latham for his appointment as administrator of said estate.

Addie L. Barney and Albert L. Latham are of equal degree of kindred to Wilson D. Mowry and are both residents of the State, so that both, therefore, are qualified for the appointment under the provisions of Chap. 363, Sec. 10 (5428) Gen. Laws 1923.

Albert L. Latham is entitled to a twelfth interest in the estate and Addie L. Barney is entitled to a three-twelfths interest.

All of the next of kin except Albert L. Latham urge the appointment of Addie L. Barney. The estate consists of Liberty Bonds, a mortgage, stock in an industrial concern and savings bank deposits, and amounts to something over $8,000 in the aggregate.

It is strongly urged by the appellee that the hearing on appeal in cases of this character is not a trial de novo but simply involves the issue as to whether or not the Probate Court abused its discretion in making or refusing to make the appointments now challenged.

In view of the decision in *Emsley* vs. *Young*, 19 R. I. 65, this Court is constrained to regard these appeals as requiring a trial de novo on the issues presented.

Another point much insisted on by the appellee is that the intestate's wishes in respect to who should act as his administrator should be taken into consideration by the Court and some authority on this point has been produced. Whatever may be the strict law on this point, the Court in these cases has not taken this element into consideration in arriving at its decision.

Albert L. Latham, a man of about 65 years of age, appears to be eminently qualified for the position of administrator. He was for years president of the Town Council of the Town of Smithfield while it was acting as a Court of Probate, giving him a practical knowledge of the ordinary procedure in a Court of Probate. He was a member of the School Committee of the town for fifteen years; a trustee of the Greenville Savings Bank before it was absorbed by a Providence banking institution, and was on the committee on accounts of the town for a number of years. The fact that he was chosen to occupy these positions is evidence of his reputation for integrity and for experience in handling financial affairs.

Addie L. Barney, a woman of middle age, has been occupied in various positions for nearly forty years. Among her occupations were bookkeeping and

stenographic work in large business offices and for a large law firm. It does not appear that she has had experience in handling financial or business affairs where she had to exercise her own independent judgment, or that she has any particular knowledge of the details of handling an estate in course of administration.

The appellants very vigorously contend that the fact that eleven-twelfths of the interests involved favor her appointment is a matter of such legal weight that the appointment should follow as a matter of course unless such a person is incompetent or unsuitable.

In *Johnson* vs. *Johnson*, 15 R. I. 109, the Court emphasized the point that the primary object in granting administration is the interest of the estate, and then went on to say that "other things being equal, that person will be he who is entitled as distributee in whole or in part to the residue of the estate after the claims of creditors have been satisfied, because of his interest."

Williams on Executors (11th Am. Ed.) 336-7, lays the rule down to the same general effect, stating that the "first duty of the Court is to place the administration in the hands of that person who was likely best to convert it to the advantage of those having claims either in paying the creditors or in making distribution, the primary object being the interest of the estate. But where there is no material objection on one hand or reasons of preference on the other, the Court in its discretion puts the administration in the hands of that person, amongst those of the same degree of kindred to whom the majority of parties interested are desirous of intrusting the estate."

And so are the other cases cited by the appellants. It is not a conclusive rule governing the appointment of an administrator but must yield if the interest of the estate dictates a different appointment.

In the instant cases, "other things" are not equal and there are reasons of preference which prevent the Court from following the rule urged on it. Albert L. Latham is from his experience far more qualified for the position of administrator, and qualified in such an eminent degree that the interest of the estate would make it improper to apply the rule for which the appellants contend.

There remains to be noticed two other matters which the appellants contend render his appointment improper. It seems that shortly after his appointment, Mr. Latham paid the undertaker's bill, the undertaker being his own son. There is no evidence that the bill was unreasonable in amount. Moreover, acting on the advice of counsel, the bill was paid only after approval by the Probate Court and after the statutory procedure applicable in such cases had been followed. There is not enough in this objection to show that the appellee cannot be trusted to manage the estate according to law and for its best interests.

The other point relied on is that there is hostility between Latham and his brother and sister. There is nothing to show that it extends to the other next of kin. How the management and interests of the estate would be bettered by committing administration to one of the other parties among the next of kin, and whose qualifications are not equal, does not appear.

Taking all the facts into consideration and having in mind the interest of the estate, the Court is of the opinion and so finds that Albert L. Latham is qualified and a suitable and competent person to administer the estate of Wilson D. Mowry.

The appeal in the case of *Anna L. Morse, et al.* vs. *Albert L. Latham,*

*Adm'r.*, is dismissed.

The appeal in the case of *Addie L. Barney, et als.* vs. *Albert L. Latham, Adm'r.*, is dismissed.

For appellant: Tillinghast & Collins.
For appellee: Walling & Walling.